UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY JORDAN, | ) | |
| KENNETH GREENLAW, | ) | |
| THEODIS CHAPMAN, | ) | |
| PATRICK NELSON, | ) | |
| and A CLASS OF UNKNOWN PERSONS | ) | |
| SIMILARLY SITUATED, | ) | |
| Plaintiffs, | ) | No. 15 C 5907 |
| | ) | |
| vs. | ) | Judge Sara L. Ellis |
| | ) | |
| TIMOTHY EVANS, CHIEF JUDGE | ) | |
| OF THE CIRCUIT COURT | ) | |
| OF COOK COUNTY, ILLINOIS, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiffs Anthony Jordan, Kenneth Greenlaw, Theodis Chapman, and Patrick Nelson, ("Plaintiffs") are current and former employees of the Cook County Probation Department. Plaintiffs bring this suit against Timothy Evans, Chief Judge of the Circuit Court of Cook County ("Chief Judge") on behalf of themselves and seek to represent a class of similarly situated persons, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e, *et seq*. Plaintiffs assert that the Chief Judge abandoned his statutory duty in violation of the Illinois Probation and Probation Officers Act, 730 Ill. Comp. Stat. 110/13 ("Probation Act"). Plaintiffs also allege race discrimination in violation of the Illinois Civil Rights Act of 2003, 740 Ill. Comp. Stat. 23/5(b) ("ICRA"). The Chief Judge moves for partial judgment pursuant to Federal Rule of Civil Procedure 12(c) on Plaintiffs' Title VII and ICRA claims (Counts I, II, and IV) insofar as they are alleged against him in his individual capacity, and on Plaintiffs' Probation Act claim (Count III) on the bases

that the Eleventh Amendment bars this claim and that there is no private right of action under the Probation Act. Pl.'s Mem., 1, [65]; Fed. R. Civ. P. 12(c). The Court grants in part and denies as moot in part the Chief Judge's motion. Because Plaintiffs concede that they only bring this suit against the Chief Judge in his official capacity, the Court denies as moot the Chief Judge's motion for partial judgment on Counts I, II, and IV. Additionally, because sovereign immunity bars Plaintiffs' claim under the Probation Act, the Court grants the Chief Judge's motion for judgment on Count III.

## BACKGROUND[1]

Jordan is an African American who worked as a probation officer from 1998 to 2015. On February 4, 2015, the Probation Department terminated him for failing to properly monitor and respond to electronic monitoring ("EM") alerts of a particular youth assigned to his EM Unit. When this particular youth committed a crime while on Jordan's EM Unit, the Probation Department fired him. Although the Probation Department had never disciplined Jordan previously for failure to properly monitor and respond to EM alerts, he had entered into a "Last Chance Agreement" as a result of a prior allegation of poor work performance. The Probation Department invoked this Last Chance Agreement as the reason for his firing. Plaintiffs allege that the Last Chance Agreement was unfair and that Jordan, "as an African American, was a convenient scapegoat for the Department." Second Am. Compl. ¶ 57, ECF No. 55.

Greenlaw is an African American, who worked as a probation officer from 1999 to 2014, assigned to the Intensive Probation Services Unit, which requires frequent contact with youths on probation and extensive driving. In 2014, the Probation Department terminated Greenlaw for

---

[1] The facts in the background section are taken from Plaintiffs' Second Amended Complaint and are presumed true for the purpose of resolving the Chief Judge's motion for partial judgement. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

2

misusing an assigned gas card and failing to submit gas receipts and vehicle inspection forms at certain times. Plaintiffs again allege that the Probation Department fired Greenlaw because of his race and to provide a convenient scapegoat and example for other probation officers who made record keeping errors.

Chapman is an African American who began working as a probation officer in 2003, and continues to work in that position currently. He has consistently received positive performance reviews and has no history of discipline. He has applied for the position of Supervisor, but he has failed the supervisor's written examination twice despite diligent preparations. Chapman has requested and been denied copies of his results for the supervisor's written examination. Plaintiffs allege that African Americans are disproportionately told that they fail this written examination and are not allowed to review their results. Plaintiffs allege that the examination is either intentionally or effectively discriminatory.

Nelson is an African American who began working as a probation officer in 2001, and currently holds that position. Both Nelson and Chapman traveled to job-related training but were denied compensation for their travel time, whereas white employees engaging in similar travel received compensation. Chapman and Nelson have filed grievances related to their lack of compensation. These grievances were denied, and Nelson and Chapman allege that they were reassigned to field positions in retaliation for filing grievances.

Plaintiffs further allege that from 2008 to 2013, African American probation officers constituted three quarters of the total officers suspended and/or terminated by the Probation Department. Plaintiffs contend that this disparity in disciplinary practices suggests a pattern of racial discrimination. Plaintiffs allege that the Chief Judge did not exercise his supervisory

authority in taking any of the above adverse employment actions to ensure that such actions did not violate any State or federal laws.

**LEGAL STANDARD**

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

**I. Probation Act Claim**

Plaintiffs claim that the Chief Judge failed to exercise his general supervisory authority over disciplinary actions in violation of the Probation Act and seek injunctive relief. The Chief Judge moves for judgment on Plaintiffs' claim arguing that it is barred by sovereign immunity,

4

and that Plaintiffs do not have a private right of action to bring a claim under the Probation Act. For the reasons stated below, the Court grants the Chief Judge's motion.

### A. Sovereign Immunity

The Eleventh Amendment states: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court extended the Eleventh Amendment to prohibit suits by citizens against their own State. *Hans v. Louisiana*, 134 U.S. 1 (1890). Furthermore, "[t]he Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (internal quotations omitted) (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S. Ct. 347, 89 L. Ed. 389 (1945)). Because Plaintiffs bring suit against the Chief Judge in his official capacity, the State is the real, substantial party in interest. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) ("An official capacity suit is tantamount to a claim against the government entity itself."). Therefore, the Eleventh Amendment bar applies to this case unless there is some exception.

Plaintiffs argue that in this case the "officer suit exception" to sovereign immunity applies because the Chief Judge "abdicated" or "abandoned" his responsibilities under the Probation Act. In *Ex Parte Young*, the Supreme Court recognized the officer suit exception to sovereign immunity where a plaintiff seeks prospective injunctive relief against a state officer who has exceeded his or her authority and in doing so violates federal law. 209 U.S. 128, 160, 28 S. Ct. 441, 52 L. Ed. 714 (1908). That officer is "stripped of his official or representative character and subjected in his person to the consequences of his individual conduct." *Id*. When

action in excess of a state officer's authority strips him of his official status, "his conduct is not then regarded as the conduct of the State, nor is the action against him considered an action against the State." *PHL, Inc. v. Pullman Bank and Trust Co.*, 216 Ill. 2d 250, 261, 836 N.E. 2d 351, 296 Ill. Dec. 828 (2005) (quoting *Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 37, 101 N.E. 2d 71 (1951)).

This exception does not apply, however, where there is not an *ultra vires* act. *PHL, Inc.*, 216 Ill. 2d 250, at 266 (quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689-90, 69 S. Ct. 1457, 93 L. Ed. 1628 (1949)) ("[W]here the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions… [h]is actions are *ultra vires* his authority and therefore may be made the object of specific relief… [however], [*a*] *claim of error in the exercise of that power is . . . not sufficient*.") (emphasis in original). "It is well settled that a state officer's erroneous exercise of a broad grant of authority does not constitute an *ultra vires* act." *Id.* (denying officer suit exception to sovereign immunity). Plaintiffs claim that the Chief Judge "abandoned or abdicated his statutory duty to exercise meaningful administrative and supervisory authority." Second Am. Compl. ¶ 84. "Abandoning" or "abdicating" does not constitute an *ultra vires* act; because it is a non-action, it is properly classified as an "erroneous exercise of a broad grant of authority." *PHL, Inc.*, 216 Ill. 2d 250, at 266. Indeed, it is an assertion that there was *no* act, let alone an *ultra vires* act. Therefore, the Court finds that the officer suit exception does not apply, and the Eleventh Amendment bars Plaintiffs' claim under the Probation Act.

Even if "abandoning" or "abdicating" constituted an *ultra vires* act, the officer suit exception still would not apply in this case because the Supreme Court has refused to extend *Ex Parte Young* to suits "against state officials on the basis of state law." *Pennhurst*, 465 U.S. at

6

106; *See Anderson v. U.S. Dept. of Agriculture*, 604 Fed. Appx. 513, 517 (7th Cir. 2015) (dismissing plaintiff's state-law fraud and misrepresentation claim and claim under state's Whistleblower Act on sovereign immunity grounds). The *Pennhurst* Court stated that *Young* "rests on the need to promote the vindication of federal rights." *Pennhurst State School & Hosp.*, 465 U.S. 89, at 105. The competing needs to protect the supremacy of federal law and the constitutional immunity of the States' rights is "wholly absent, however, when a plaintiff alleges that a state official has violated *state* law. In such a case the entire basis for the doctrine of *Young* and *Edelman* disappears." *Id*., at 106 (emphasis in original). Here Plaintiffs are asking the Court to do exactly what the *Pennhurst* Court said federal courts must avoid.

Therefore, the officer suit exception does not apply to Plaintiffs' claim against the Chief Judge and sovereign immunity bars Plaintiffs' Probation Act claim.

### B. Private Right of Action

The Chief Judge also argues that the Probation Act does not grant Plaintiffs a private right of action. Plaintiffs argue that a private right of action is not required in this case and that the Court may grant prospective injunctive relief under the Court's general equitable authority. However, because the Court finds sovereign immunity bars Plaintiffs' Probation Act claim, it need not consider whether a private right of action exists with respect to the Probation Act.

## II. Individual and Official Capacity

The Chief Judge argues that he cannot be sued in his individual capacity for alleged violations of Title VII or ICRA. In their response, Plaintiffs confirm that they do not allege any claim against the Chief Judge in his individual capacity. Pl.'s Mem., 1, [65]. Because Plaintiffs do not allege any claim against the Chief Judge in his individual capacity, nor could the Court grant the relief sought by Plaintiffs against the Chief Judge in his individual capacity, the Court

7

denies as moot the Chief Judge's motion for partial judgment on Counts I, II, and IV, as they pertain to the Chief Judge in his individual capacity. Counts I, II, and IV may proceed against the Chief Judge in his official capacity.

## CONCLUSION

For the foregoing reasons, the Court denies as moot the Chief Judge's motion [58] for partial judgment on Counts I, II, and IV, and grants his motion for judgment on Count III.


Dated: September 20, 2016

SARA L. ELLIS
United States District Judge