IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY JORDAN, *et al.* ) | |
| ) | No. 15-C-5907 |
| Plaintiffs, ) | Hon. Sara L. Ellis |
| v. ) | |
| ) | |
| CHIEF JUDGE OF THE CIRCUIT COURT OF ) | |
| COOK COUNTY, ILLINOIS, ) | |
| Defendant. ) | |

**JOINT DISCOVERY MOTION ON THE PROPOSED DEPOSITION OF DEFENDANT
CHIEF JUDGE TIMOTHY EVANS**

Pursuant to the Court's standing order regarding discovery disputes, the parties present this Joint Discovery Motion on the Proposed Deposition of Chief Judge Timothy Evans.

Plaintiffs are two (2) current and two (2) former employees of the Cook County Juvenile Probation Department ("JPD"). (*See* Second Amended Complaint ("2d Am. Comp."), Dkt. No. 55). Plaintiffs allege race discrimination under Title VII of the Civil Rights Act of 1964, as amended, arguing disparate treatment mainly in the form of harsher discipline and policies being applied to them. (*Id.* ¶ 1). Plaintiffs also allege a violation of the Illinois Civil Rights Act of 2003, 740 ILCS 23/5(b), claiming the Defendant "has used criteria and methods of administration that have the effect of subjecting individuals including plaintiffs and other class members to discrimination because of their race." (*Id.* ¶ 85). Defendant is being sued in his official, and not individual, capacity. (9/20/2016 Opinion and Order, Dkt. No. 69, pp. 7-8). The parties have already exchanged written discovery, including extensive document production by Defendant, as well as answers by Defendant to Plaintiffs' interrogatories, attached hereto as Exhibit A. The parties are in the process of completing oral discovery and Plaintiffs have noticed for deposition the Chief Judge, Timothy Evans. Defendant objects to this deposition as outside the scope of the Plaintiffs' claims and that it will not lead to the discovery of admissible

evidence, and moves for a protective order barring Chief Judge Evans' deposition.

## ISSUE: WHETHER THE COURT SHOULD ISSUE A PROTECTIVE ORDER BARRING THE DEPOSITION OF CHIEF JUDGE EVANS

I. **Defendant's position**

The Seventh Circuit has held that "depositions of public officials create unique concerns." *Stagman v. Ryan*, 176 F.3d 986, 994-995 (7th Cir. 1999). Public officials, such as Chief Judge Evans, "should not have to spend their time giving depositions in cases arising out of the performance of their official duties unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Id.*, *quoting Olivieri v. Rodriguez,* 122 F.3d 406, 409-410 (7th Cir. 1997). A district court may refuse to require a public official to be deposed when the deposition would serve "little purpose other than to disrupt a busy official who should not be taken away from his work to spend hours or days answering lawyers' questions." *Id*. at 995. Thus, even when they are among the defendants named in a lawsuit, public officials need not give depositions in cases arising from the performance of their official duties "unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Olivieri*, 122 F.3d at 409–10. Courts have rejected attempts to depose public officials when the party requesting the testimony has not shown specific, actual, unique knowledge and/or where there is insufficient reason to expect the depositions to yield relevant evidence unobtainable through other means. *See, e.g.*, *Stagman*, 176 F.3d at 994 (holding that district court did not abuse its discretion in denying motion to compel deposition of Illinois Attorney General where evidence did not indicate a need for the deposition); *Olivieri*, 122 F.3d at 409-10 (holding that district court did not abuse its discretion in denying motion to compel deposition of police superintendent where the record indicated that interrogatories served on the superintendent

would have been a sufficient means of developing evidence); *Bless v. Cook County Sheriff's Office*, 2017 WL 1344522, at *3 (N.D. Ill. Apr. 12, 2017) (upholding the magistrate judge's order denying plaintiff's motion to compel the deposition of Sheriff Dart in part because of "the burden that such a deposition would place on Dart as a public official with limited time to spend on litigation activities"); *LaPorta v. City of Chi.*, No. 14 C 9665, 2016 WL 4429746, at *2 (N.D. Ill. Aug. 22, 2016) (denying motion to compel deposition of city mayor because there was no reason to think the deposition would lead to admissible evidence that could not be obtained through interrogatories).

Here, there is no reason to believe that the Chief Judge's deposition would produce or lead to admissible evidence. Chief Judge Evans is a defendant in this matter solely in his official capacity as the personification of the Office of the Chief Judge of the Circuit Court of Cook County. Since Plaintiffs do not allege that Chief Judge Evans participated in any of their allegations directly, he cannot testify to any relevant facts of this case.[1] Moreover, Plaintiffs are already scheduled to depose Acting Director of JPD Avik Das on September 12, 2017, and Plaintiffs have stated their intention to depose former Director of JPD Michael Rohan. Mr. Das and Mr. Rohan can testify to both the policies and procedures at the JPD, including those involving the imposition of discipline on its employees, and can testify as to the specific claims of the Plaintiffs. Plaintiffs have also noticed the deposition of Keith Sevick, Legal Counsel to the Office of the Chief Judge, for September 15, 2017. Mr. Sevick can testify to the role of the Office of the Chief Judge in disciplinary actions involving JPD employees, and can specifically

---

[1] Defendant has produced over 8,000 pages of documents in this case and other than being on the letterhead, the Chief Judge is nowhere to be found in these documents.

testify to his role involving the grievances of Plaintiffs.[2]

Therefore, forcing the Chief Judge, a busy public official who had no role or any personal knowledge of any of Plaintiffs' allegations, to also sit for a deposition would be repetitive and irrelevant. *Olivieri*, 122 F.3d at 409.

## II. Plaintiffs' position

Plaintiffs have brought a disparate impact race discrimination which alleges that Chief Judge Evans as employer under Title VII of the Civil Rights Act has failed to ensure that the director of the Cook County Juvenile Probation Department does not engage in race discrimination on a systematic and class wide basis. *Chief Judge Evans and not the JPD or the director is the sole defendant*. He is the defendant because he - and not the Juvenile Probation Department (JPD), or its director - is designated by Illinois law as the "employer" of the plaintiffs. As Chief Judge he - and not JPD - signed the collective bargaining agreement under which plaintiffs are being disciplined. In this civil rights claim against the Chief Judge, a crucial issue is the Chief Judge's personal knowledge of the protests made over the years by plaintiffs - and if he has such knowledge, why he has not intervened or taken a more active role of oversight of the JPD.

Under the case law of this Circuit, the additional evidence that plaintiffs believe they can obtain only by oral discovery is the following: (1) whether the Chief Judge read the numerous written protests filed by plaintiffs, (2) what inquiry or investigation the Chief Judge made and whether he should have retained counsel to investigate, (3) when the Chief Judge feels it is appropriate for him to intervene to take such appropriate action and why the facts here justified

---

[2] Plaintiff Chapman was deposed on August 21, 2017, and although the transcript is not ready, he testified that Mr. Sevick was present at his and others' fourth level grievance hearings as the "designee" of the Chief Judge.

his passivity.   That is, plaintiffs are entitled to know what the Chief Judge knew and when he knew it with respect to the numerous protests that they made in direct appeals to him, and why he has not answered.

Furthermore, as part of the final injunctive relief plaintiffs are entitled to know how the Chief Judge sees his responsibility as "employer," and what objections he has to a more active role of overseeing JPD.

Plaintiffs do not lightly seek the deposition of the Chief Judge.   No one else but the Chief Judge can testify as to what the Chief Judge thought or know what criteria he uses to review or assess or reverse decisions of the JPD.  If there are reasons why the Chief Judge does not feel it appropriate to become more involved in carrying out oversight of the JPD, plaintiffs - and this Court - are entitled to know them.  To the Second Amended Complaint filed in this action, there is an answer  - filed by the Chief Judge - that acknowledges that he *is* the employer. While the Chief Judge may delegate some of his own duties as employer to the director of the JPD, the Chief Judge retains responsibility for determining that the director acts in compliance with the law, including Title VII.   For example, there has been enough discovery in this case to indicate that the director of the JPD notifies the Chief Judge or the Office of the Chief Judge as to some of the disciplinary decisions.   It seems that in some but not other discipline cases, the Chief Judge is the "final court of appeal.   As to what the role of the Chief Judge has been - and the extent to which he has intervened or could intervene - and as to what order this Court should craft to resolve this legal claim, the Chief Judge himself has indispensable evidence.   Plaintiffs seek a deposition of no more than two hours.

Pursuant to Local Rule 37.2 counsel for the parties conferred regarding this issue—in

both writing and over the phone—and made a good faith effort to resolve this dispute without Court intervention. However, such efforts have been unsuccessful.

On behalf of Defendant:

| | |
|---|---|
| **LISA MADIGAN**<br>Attorney General for Illinois | */s/ John R. Hayes*<br>JOHN R. HAYES<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601-3397<br>(312) 814-4451<br>jhayes@atg.state.il.us |

On behalf of Plaintiffs:

>*/s/ Michael Persoon*
>Michael Persoon
>Despres, Schwartz & Geoghegan, Ltd.
>77 W. Washington St., Suite 711
>Chicago, Illinois 60602
>(312) 372-2511
>mpersoon@dsgchicago.com