# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Jordan, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 15-cv-5907 |
| | ) | |
| Timothy Evans (in his official capacity as Chief Judge of the Circuit Court of Cook County), | ) ) ) | Hon. Sara L. Ellis |
| | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Now comes Defendant, by and through his attorney, LISA MADIGAN, Attorney General of Illinois, and hereby answers Plaintiff's First Set of Interrogatories, as follows:

**GENERAL OBJECTIONS**

The responses to each Interrogatory are made subject to each of the following general responses and objections, as well as to the specific objections stated in the response to each Interrogatory.

1. Defendant objects to each Interrogatory to the extent that they seek information or documents that are not subject to discovery. Defendant further objects to Plaintiff's Interrogatories insofar as they seek to impose on Defendant requirements in excess of those required by law.

2. Defendant objects to these Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable law, rule, privilege or immunity. Nothing contained in these responses or in the production of documents, is intended or may be construed as a waiver of the attorney-client privilege, the work-product doctrine, or any other applicable law, rule, privilege or immunity.

3. Neither these responses nor the actual production of documents in response to these Interrogatories is to be construed as an admission regarding the admissibility of any information or document or the truth or accuracy of any statement or characterization contained in these responses. Neither these responses nor the actual production of documents in response to these Interrogatories is to be construed as an agreement or concession that the subject matter contained in these responses or reflected in any documents is relevant to this matter. Defendant makes this response without intending to waive any objection as to the relevance, privilege, admissibility or otherwise.

4. Defendant reserves the right to supplement his response to these Interrogatories at a later date.

### OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Describe in detail the basis for any affirmative defense you assert in this case.

**ANSWER: Defendant objects to Defendant's Interrogatory Number 1 as it constitutes a contention interrogatory and thus is premature in light of the discovery schedule entered in this matter. Without waiving and subject to the foregoing objection, Defendant has stated the basis for all asserted affirmative defenses in his Answer.**

2. Identify all witnesses – fact or opinion – you may call at trial or offer testimony from at summary judgment and describe in detail the nature of their expected testimony and the relevance of their testimony.

**ANSWER: Defendant objects to Interrogatory Number 2 to the extent it is premature, overly broad, calls for speculation, and calls for a legal conclusion. Defendant further objects that it will provide its list of intended witnesses at hearings and/or trial in accordance with deadlines imposed by the Court. Without waiving and subject to these objections, Defendant provides a**

2

**list of potential witnesses that he may call at trial or offer testimony from at summary judgment in his supplemental Rule 26(a) disclosures, which it is serving on Plaintiffs' counsel contemporaneously with this document.**

      3.      Describe in detail any instance in which you have enforced or acted under your policies prohibiting discrimination that you describe in your Fourth Affirmative Defense.

**<u>ANSWER:</u> Defendant objects to Interrogatory Number 3 as vague and ambiguous and overly broad as to the phrase "enforced or acted." Without waiving and subject to these objections, pursuant to Federal Rule of Civil Procedure 33(d)(1) please see Defendant's non-discrimination policy, which is set forth in documents produced in this litigation with the bates numbers DEF002678-2681.**

      4.      Describe in detail all actions taken by the Chief Judge to ensure that no racial discrimination occurs within the unit of Juvenile Probation Officers.

**<u>ANSWER:</u> Defendant objects to Interrogatory Number 4 as vague and ambiguous and overly broad to the extent that it asks Defendant to "[d]escribe in detail all actions" taken by the Chief Judge. Without waiving and subject to these objections, pursuant to Federal Rule of Civil Procedure 33(d)(1) please see Defendant's non-discrimination policy, which is set forth in documents produced in this litigation with the bates numbers DEF002678-2681.**

      5.      Describe in detail all actions taken by the Chief Judge with respect to any grievance raised by, or discipline of, any Juvenile Probation Officer, including specifically the disciplines alleged in the Second Amended Complaint.

**<u>ANSWER:</u> Defendant objects to Interrogatory Number 5 as vague and ambiguous, overly broad, and disproportional to the needs of the case. Without waiving and subject to these**

objections, with respect to grievances raised by, or discipline of, the Plaintiffs, pursuant to Federal Rule of Civil Procedure 33(d)(1) please see documents produced in this litigation with the bates numbers DEF000001-543, 771-1059, 1362-1464, and 2030-2112.

**6.** Describe in detail the discretion that persons overseeing juvenile probation officers have in assessing discipline of those officers, state whether the grant of that discretion is formal or informal, and identify the person who granted that authority.

**ANSWER: Defendant objects to Interrogatory Number 6 as vague and ambiguous as to the terms "overseeing" and "discretion." Without waiving and subject to the foregoing objection, discipline of juvenile probation officers is enforced based on written policies promulgated by the Cook County Juvenile Probation and Court Services, as well as a collective bargaining agreement that was entered into between the Chief Judge of Cook County and the American Federation of State, County, and Municipal Employee Council 31 (the "AFSCME Contract"). Answering further, pursuant to Federal Rule of Civil Procedure 33(d)(1) please see documents produced in this litigation and bates-labelled DEF002677-2952.**

7. Describe in detail the discretion that persons overseeing juvenile probation officers have in characterizing or categorizing the character of alleged misconduct by those officers, state whether the grant of that discretion is formal or informal, and identify the person who granted that authority.

**ANSWER: Defendant objects to Interrogatory Number 6 as vague and ambiguous as to the terms "discretion," "overseeing," and "characterizing or categorizing." Without waiving and subject to these objections, misconduct of juvenile probation officers is governed by written policies promulgated by the Cook County Juvenile Probation and**

**Court Services, as well as the AFSCME Contract. Answering further, pursuant to Federal Rule of Civil Procedure 33(d)(1) please see documents produced in this litigation and bates-labelled DEF002677-2952.**

      8.     Identify any comparators you intend to use in this case.

**ANSWER: Defendant objects to Interrogatory Number 8 to the extent it is premature, overly broad, calls for speculation, and calls for a legal conclusion. Without waiving and subject to these objections, Defendant provides a list of potential witnesses that he may use as comparators in his supplemental Rule 26(a) disclosures, which it is serving on Plaintiffs' counsel contemporaneously with this document.**

Respectfully Submitted,

Dated:

| | |
|---|---|
| LISA MADIGAN<br>Illinois Attorney General | */s/ Jeffrey Freeman*<br>JEFFREY FREEMAN<br>Office of the Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, IL 60601<br>P: (312) 814-4451<br>F: (312) 814-4425<br>jfreeman@atg.state.il.us |

5

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that a copy of the attached **Defendant's Answer to Plaintiff's First Set of Interrogatories** was served upon the individual listed below via e-mail and by First-Class U.S. Mail, postage prepaid, on April 19, 2017.

                    Mike Persoon
                    Despres, Schwartz & Geoghegan, Ltd.
                    77 West Washington Street, Suite 711
                    Chicago, IL 60602
                    mpersoon@dsgchicago.com

                    /s/    *Jeffrey Freeman*
                            Jeffrey Freeman