**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Jordan, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 15-cv-5907 |
| | ) | |
| Timothy Evans (in his official capacity as Chief Judge of the Circuit Court of Cook County), | ) ) ) | Hon. Sara L. Ellis |
| | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR (1) DISMISSAL OF PLAINTIFFS' CLASS CLAIMS PURSUANT TO RULE 23; AND (2) SUMMARY JUDGMENT ON ALL COUNTS**

Defendant TIMOTHY EVANS, by and through his attorney, LISA MADIGAN, Attorney General for the State of Illinois, hereby moves this Honorable Court to (1) dismiss Plaintiffs' class certification claims pursuant to Federal Rule of Civil Procedure 23; and (2) grant summary judgment on all counts pursuant to Federal Rule of Civil Procedure 56. In support thereof, Defendant states as follows:

**A. The Parties' Compliance with the Court's Standing Order on Summary Judgment.**

1. On July 13, 2018, counsel for Defendant advised Plaintiffs' counsel the basis for an anticipated Motion for Summary Judgment by way of a letter that cited to relevant legal authority.

2. On August 13-15, 2018, counsel for Plaintiffs and counsel for Defendant exchanged e-mails discussing evidence that Plaintiff contended would defeat Defendant's motion for summary judgment.

3.  On August 27, 2018, counsel for Plaintiffs again submitted a letter to counsel for Defendant summarizing evidence that Plaintiffs believe will defeat summary judgment.

### B. The Court Should Dismiss Plaintiffs' Class Claims.

4.  Plaintiffs, who are all current and former employees of the Cook County Juvenile Probation Department ("JPD"), purported to bring claims on behalf of a class of similarly situated JPD employees. However, Plaintiffs declined to file a motion for class certification pursuant to the Court's scheduling order. (*See* Dkt. No. 103.) Because Plaintiffs failed to move class certification in compliance with the Court's scheduling order, and because Plaintiffs have not adduced evidence sufficient to support any of the factors necessary to certify the class, the Court should dismiss Plaintiffs' class claims pursuant to Rule 23(d)(1).

### C. The Court Should Enter Summary Judgment on the Named Plaintiffs' Claims.

5.  The Court should enter summary judgment on Anthony Jordan's discrimination claim under Title VII and ICRA.[1] To survive summary judgment on his racial discrimination claim, Plaintiff must adduce evidence that "would permit a reasonable factfinder to conclude that the plaintiff's race . . . caused the discharge or other adverse employment action." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 764-66 (7th Cir. 2016). The undisputed evidence demonstrates that Jordan was terminated because, after a probationer under his watch committed a rape, it was revealed that Jordan had failed to respond to prior overnight violations of that probationer. There is no evidence that Jordan's termination was attributable to his race, and therefore the Court should enter summary judgment on Jordan's claims.

---

[1] Courts in this District have found that analysis of racial discrimination claims under the ICRA is the same as that under Title VII. *See, e.g., Hosick v. Chicago State Univ. Bd. of Trustees*, 924 F. Supp. 2d 956, 966 (N.D. Ill. 2013).

6. The Court should also enter summary judgment with respect to Kenneth Greenlaw's claims under Title VII and ICRA. The undisputed evidence demonstrates that Greenlaw was terminated due to an investigation that established that Greenlaw had made numerous fraudulent uses of his gas card, which were interpreted by JPD as theft of services. Because there is no evidence that Greenwald was terminated because of his race, the Court should enter summary judgment on Greenwald's claims.

7. The Court should enter summary judgment against Nelson and Chapman with respect to their claims relating to the JPD supervisor exam, which Plaintiffs contend was racially discriminatory in nature.

   a. First, these claims are time-barred under Title VII, as both Nelson and Chapman learned that they did not pass the JPD supervisor exam more than 300 days prior to filing their Charges of Discrimination. *See, e.g., Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014) (affirming district court's dismissal of allegations of racially biased failure to promote where promotional decisions took place over 300 days prior to relevant charges of discrimination).

   b. Second, these claims are time-barred under ICRA's two-year statute of limitations. *See Midwest Fence Corp. v. U.S. Dep't of Transp.*, No. 10 C 5627, 2011 WL 2551179, at *15 (N.D. Ill. June 27, 2011).

   c. Finally, even if their claims pertaining to the supervisor exam were timely, Plaintiffs have adduced no evidence that the supervisor's exam was discriminatory on the basis of race.

8. The Court should also grant summary judgment on Nelson's and Chapman's retaliation claim, which is premised on their transfer out of JPD's Jumpstart program.

    a. First, the transfer out of Jump Start is not a materially adverse action. Nelson and Chapman admit that their compensation did not change when they were assigned to field work. Nelson and Chapman have also failed to present evidence that their transfer to field work has in any way reduced their career prospects; nor can Nelson or Chapman demonstrate that thy have been subjected to "humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in [their] workplace environment." *See O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004).

    b. Second, there is no evidence that Plaintiffs' reassignment was retaliatory in nature. Indeed, the undisputed evidence (including testimony by Nelson and Chapman themselves) demonstrates that enrollment in the Jump Start program had declined "tremendously" over the time period Nelson and Chapman worked in the program, and that this was the reason for their transfer.

    c. Finally, Nelson and Chapman cannot point to suspicious timing to establish evidence of retaliation. There was a four month time gap between Nelson's and Chapman's most recent protected activity and the allegedly retaliatory treatment. This is too long of a time period to establish a causal link between Nelson's and Chapman's protected activity and JPD's allegedly retaliatory behavior. *See, e.g., Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 666 (7th Cir. 2011); *Argyropoulos v. City of Alton*, 539 F.3d 724, 734 (7th Cir. 2008).

WHEREFORE, for the reasons asserted herein, as well as the reasons asserted in its Memorandum in Support of His Motion for Summary Judgment, Defendant pleads that this Honorable Court dismiss Plaintiffs' class action claims; enter summary judgment on Plaintiffs'

remaining claims in their entirety; and for what additional relief the Court deems appropriate.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

*/s/ Jeffrey Freeman*
JEFFREY FREEMAN
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau
100 W. Randolph St., 13th Flr.
Chicago, Illinois 60601
(312) 814-3327
JFreeman@atg.state.il.us

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 21, 2018, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

*/s/ Jeffrey J. Freeman*